UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN T. SOUDERS,                Case No. 1:24-cv-464

    Plaintiff,                                    Hopkins, J.
                                               Bowman, M.J.
    v.

MAG. CAROLYN BESL, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

On August 29, 2024, Plaintiff Stephen T. Souders moved for leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-2). Plaintiff identifies three Defendants, all of whom are identified as state court judicial officers with the Warren County Court of Common Pleas: (1) Magistrate Carolyn Besl; (2) Magistrate Markus Moll; and (3) Judge Timothy Tepe.

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Allegations Of Complaint and Judicially Noticed Facts**

Plaintiff's typed sixteen-page complaint alleges that the three Defendants violated his civil rights under 42 U.S.C. § 1983 throughout the course of a state court case that led to the entry of a civil stalking protection order ("CSPO") against him. This Court takes judicial notice of the underlying state court proceedings along with the allegations of the complaint.

The CSPO in question was granted to a petitioner, Anna Lazor, in whom Plaintiff had expressed a romantic interest that was not reciprocated. All of Plaintiff's initial communications with Ms. Lazor occurred online; the two had never met in person prior to Ms. Lazor's request for a civil stalking protection order. For context, the undersigned includes a factual summary included by the 12th District Court of Appeals for Ohio in a March 4, 2024 decision that – for the most part - upheld the CSPO.

> (¶2) On or about May 18, 2023, appellant and Lazor began talking on the online dating app "Hinge." As their communications progressed in a positive manner, appellant asked that they move their conversation to Facebook. In response, Lazor asked for appellant's last name so she could conduct a

3

> Google search on him. Appellant told Lazor that his last name was Sowders. After a Google search yielded no results, Lazor agreed to communicate with appellant on Facebook. After interacting for a while on Facebook, appellant asked Lazor for a date. Prior to responding, Lazor decided to investigate appellant further to make sure she was safe going on a date with him. Consequently, Lazor posted appellant's photograph on a "private Facebook community for women." The Facebook group was created for women to post photographs of men and for other women in the group to provide any information, including "red flags," they may have on the individual depicted.
>
> {¶ 3} Lazor posted appellant's photograph on May 20, 2023. Several women in the private Facebook group reported negative interactions with appellant, and some indicated he was hostile and dangerous. Upon receiving this information, Lazor blocked appellant on Hinge and Facebook. Appellant then found Lazor on Instagram on May 21 or May 22, 2023, even though Lazor had never provided appellant her Instagram name or handle. Upon finding Lazor on Instagram, appellant messaged her and called her out for blocking him on Hinge and Facebook. Lazor did not respond to appellant's message and instead instantly blocked him on Instagram.
>
> {¶ 4} On June 7, 2023, Lazor received a message on Facebook from Tatiana Koblinski. It is undisputed that the Tatiana Koblinski Facebook account was a fake Facebook account appellant had created and which he used to message Lazor. Using that Facebook account, appellant messaged Lazor, claiming that the information she had received from the private Facebook group was not true. Appellant also used the fake Facebook account to "text yell" at Lazor for blocking him on other social media platforms. Appellant's messages began on the morning of June 7, 2023, and continued into the early morning hours of June 8, 2023. Appellant called Lazor on Facebook at 12:30 a.m. on June 8, 2023, and last messaged her at 2:30 a.m. on June 8, 2023. Lazor did not respond to appellant's numerous messages or his call. Sometime on June 8, 2023, Lazor eventually told appellant to stop contacting her or she would call the police. On June 15, 2023, Lazor was served with a defamation lawsuit appellant had filed in Hamilton County. A few days later, Lazor received a cease-and-desist letter appellant had mailed on June 8, 2023.
>
> {¶ 5} On June 20, 2023, Lazor petitioned the trial court for and was granted an ex parte civil stalking protection order ("CSPO").

*Lazor v. Souders*, 2024 -Ohio- 774, ¶¶ 2-5, 2024 WL 912009, at *1 (Ohio App. 12 Dist., 2024).

Pursuant to Lazor's June 20, 2023 request, the original CSPO was issued ex parte that same day by Warren County Ohio Magistrate Besl. *See Lazor v. Souders*, No. 23CS004455, 2023 WL 11811141, at *1 (Ohio Com.Pl., Warren County July 12, 2023). Plaintiff alleges that the initial CSPO included a firearm restriction, and that Court of Common Pleas Judge Timothy Tepe "endorsed" the ex parte CSPO including that restriction. (Doc. 1-2, PageID 11).

On June 27, 2023, Souders filed a motion to dismiss and to vacate the CSPO. On July 5, 2023, Lazor and Souders both appeared before Magistrate Moll and provided testimony at a full evidentiary hearing. On July 12, 2023, Magistrate Moll entered a final CSPO, concluding that Lazor had established by a preponderance of the evidence that Souders' online communications amounted to "engag[ing] in conduct constituting menacing by stalking under R.C. 2903.214 and R.C. 2903.211." *Lazor v. Souders*, No. 23CS004455, 2023 WL 11811141, at *5. Magistrate Moll again included a firearm restriction as a term of the one-year CSPO.

On July 20, 2023, Souders filed objections to the magistrate's decision. (Doc. 1-2, PageID 11). On September 11, 2023, Court of Common Pleas Judge Timothy Tepe overruled those objections, confirming the imposition of the one-year CSPO with the firearm restriction. *Lazor v. Souders*, No. 23CS004455, 2023 WL 11811140 (Ohio Com.Pl., Warren County Sep. 11, 2023). Although Judge Tepe's decision was journalized on that date, the state court failed to mail a copy to Plaintiff. (Doc. 1-2, PageID 11).

Plaintiff Souders appealed Judge Tepe's decision on October 13, 2023. On March 4, 2024, the 12th District Court of Appeals for Ohio rejected most of Souders' assertions of error and affirmed the entry of the CSPO against him. However, the Ohio appellate

court found reversible error in the trial court's inclusion of a gun restriction, and therefore modified the CSPO to remove that restriction. *See Lazor v. Souders*, Ohio Court of Appeals No.2023-10-080, 2024 WL 912009 (March 4, 2024). Plaintiff's federal complaint quotes from the Ohio court's opinion on this issue, and the undersigned will do the same:

> (¶ 65) We find that the trial court erred in including the firearm restriction in the CSPO against appellant. It is undisputed that the parties have never met in person and that the only personal contact between them occurred during the full hearing. Under any definition of the term, Lazor is not and never was an "intimate partner" of appellant. Therefore, 18 U.S.C. 922(g)(8) does not apply and does not support the imposition of the firearm restriction. We further find that the evidence in the record does not support the imposition of the firearm restriction under R.C. 2903.214(E)(1). No evidence was presented that appellant used or threatened to use a weapon to cause mental distress to Lazor. No evidence was presented that appellant even owned a firearm. The firearm restriction therefore does not bear a sufficient nexus to the conduct the trial court was attempting to prevent. *Wallace v. Masten*, 4th Dist. Hocking No. 02CA13, 2003-Ohio-1081, ¶ 41.
> 
> {¶ 66} Appellant's second assignment is sustained.
> 
> {¶ 67} In light of all of the foregoing, we find that the trial court did not err in issuing the CSPO against appellant. We, however, find that the trial court erred in imposing the firearm restriction for the duration of the order. We therefore affirm the trial court's decision to issue the CSPO against appellant but modify that judgment pursuant to App.R. 12(B), thereby vacating the firearm restriction prohibiting appellant from possessing, using, carrying, or obtaining any deadly weapon for the duration of the order. *Id.* at ¶ 44 -45.
> 
> {¶ 68} Judgment affirmed as modified.

*Lazor v. Souders*, 2024 -Ohio- 774, ¶¶ 65-68, 2024 WL 912009, at *9.

Plaintiff cites to the above language as evidence that all three judicial officers violated his constitutional rights under the Second, Fourth, Fifth, and Fourteenth Amendments when they included a gun restriction in the CSPO. He alleges that Defendants acted "in the absence of all jurisdiction" by failing to adhere to "well-established law" that prohibited the inclusion of the gun restriction based on the

6

undisputed facts of the underlying case. (Doc. 1-2, PageID 7, 13). Plaintiff alleges injury because he used his firearm for his employment, and lost that employment.[1] He claims monetary damages including "loss of income earning capacity, …emotional distress, financial hardship, and other damages to be proven at trial." (Doc. 1-2, PageID 10, 20).

Plaintiff also alleges that the Defendants' failure to mail him a copy of the September 11, 2023 CSPO Entry violated his due process rights under the Fourteenth Amendment and "deprived the Plaintiff of the opportunity to timely appeal…thereby causing …further substantial prejudice." (Doc. 1-2, PageID 15) (emphasis omitted).

### III. Analysis

Plaintiff's complaint is legally frivolous under the standards of 28 U.S.C. §1915(e)(2), because it seeks monetary damages against Defendants who are absolutely immune from suit. All three Defendants are state court judicial officers. This lawsuit is a direct challenge to a CSPO order entered by two magistrates and Court of Common Pleas judge. The trial court's CSPO decision was recently affirmed by the Ohio Court of Appeals, with the notable exception of the gun restriction, and the Ohio Supreme Court declined further review.

The Ohio Court of Appeals decision, finding reversible error based on the facts presented, does not mean that the Defendants can be held liable under 42 U.S.C. § 1983 for their judicial errors.[2] To the contrary, Plaintiff's suit is clearly barred by the doctrine of judicial immunity, which applies to Defendants for actions taken while functioning within

---

[1] Plaintiff's *in forma pauperis* application states that he was employed by GARDA Cash Logistics from August 2020 through September 2023, but has been unemployed since that time.
[2] In *United States v. Rahimi*, 602 U.S. ___, 344 S.Ct. 1889 (2024), the Supreme Court recently upheld the constitutionality of 18 U.S.C. § 922(g)(8) when included in a restraining order that contains a finding that the individual poses a credible threat to the physical safety of an intimate partner.

7

their judicial capacities. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barrett v. Harrington*, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Plaintiff's cursory allegation that the Defendants acted "in the absence of all jurisdiction," (Doc. 1-2, PageID 10), does not make it so. All three judicial officers clearly acted within their judicial authority in ruling on the CSPO. Therefore, all Defendants are absolutely immune from civil liability and all claims against them should be dismissed.

Although Defendants are entitled to immunity, it is worth noting that the Ohio Court of Appeals opinion also flatly contradicts Plaintiff's allegation that the ministerial error in the trial court's failure to direct the clerk to serve him with a copy of the CSPO denied him the opportunity to timely appeal. Rejecting Lazor's contention that Souders' appeal was untimely, the Ohio court explained that even though Souders' appeal was filed on the 32nd day after the journal entry of Judge Tepe's September 11, 2023 order, the 30-day time period to appeal cannot begin to run until both "service and notation of service on the docket by the clerk of courts" regardless of a party's actual knowledge of the trial court's order.[3] *Lazor v. Souders*, 2024 -Ohio- 774, ¶ 12, 2024 WL 912009, at *2 (internal quotation marks and additional citation omitted). Essentially, Souders' appeal was timely

---

[3]Under Ohio Civ. R. 58(B), when a court enters a judgment it must direct "the clerk to serve upon all parties …notice of the judgment and its date of entry upon the journal." The same provision explains that the clerk must then timely serve the parties "and note the service in the appearance docket," and that "service is complete" once so noted on the docket. *Id.*

because the 30-day limitation period never began to run. "Because the trial court's decision does not contain a notation to the clerk to serve appellant with notice of the judgment, and the clerk did not enter an entry in the appearance docket noting the service of the entry on appellant in violation of Civ.R. 58(B)…, appellant's appeal is deemed timely under App.R. 4." *Id.*

### IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** all claims contained in Plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHEN T. SOUDERS,

    Plaintiff,

    v.

MAG. CAROLYN BESL, et al.,

    Defendants.

Case No. 1:24-cv-464

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10